Supreme Court—Passaic v. Gross.

THE CITY OF PASSAIC AND BERNARD GILLEN, COM-
PLAINANTS-PROSECUTORS, v. LOUIS GROSS, DEFEND-
ANT-RESPONDENT.

Decided March 3, 1923.

**Summary Review—Record of Conviction—Certiorari will not
Lie to Judgment of Supreme Court.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutors, *Collins & Corbin, Edward A. Markley*
and *Charles W. Broadhurst,* of counsel.

For the defendant, *Weinberger & Weinberger.*

PER CURIAM.

The defendant was convicted in the police court of the city of
Passaic of the violation of section 72 of an ordinance of the
city of Passaic entitled, "An ordinance concerning the general
municipal affairs of the city of Passaic, approved July 1st,
1895," and the amendment and supplements thereto. An
order for a summary review of the conviction was allowed by
Justice Minturn, on application of the said defendant under
the act of 1908. *Pamph. L., p.* 442; 2 *Comp. Stat., p.* 1868,
*pl.* 145*b.*

On December 29th, 1921, judgment was rendered and en-
tered in the Supreme Court as follows: "The court, having
inspected the transcript," &c.

On January 21st, 1922, there was an order entered in the
Supreme Court, as follows:

"Whereas under date of December 15th, 1921, Hon. James
F. Minturn, one of the justices of the above court, filed an
opinion in the above-entitled matter under the title of 'The
State *v.* Louis Gross, prosecutor;' and whereas said opinion

at the beginning thereof says: 'On *certiorari,* removing conviction;' and whereas by inadvertence said proceeding before the said justice was so designated; and whereas said proceeding was before the said justice on summary review in accordance with the provisions of chapter 228 of the laws of 1908 (*p.* 442) ; and whereas the attorneys of the respective parties desire to correct the record.

"It is, on this nineteenth day of January, 1922, ordered that the proceedings herein be and the same hereby are amended and the said opinion be and the same hereby is amended so as to provide that the said proceedings before the said justice were and are under said chapter 228 of the laws of 1908 aforesaid, and not on *certiorari.*

"COLLINS & CORBIN,
"*Attorneys of Complainants.*

"WEINBERGER & WEINBERGER,
"*Attorneys of Defendant.*

"Rule actually entered this 21st day of January, 1922,
"On motion of
"COLLINS & CORBIN,
"*Attorneys of Complainants.*
"JAMES F. MINTURN,
"*S. C. J.*"

The record does not show that the judgment was amended so as to conform with the provisions of chapter 228 of the laws of 1908 (*Pamph. L., p.* 442), relating to a summary review of convictions under ordinances, and so far as the record stands there was no order made by the justice under the statute, but in lieu thereof he gave judgment by virtue of his judicial office reversing the conviction:

"The court, having inspected the transcript and proceedings of the recorder of the city of Passaic, returned with the writ of review in this cause, the reasons for reversing the judg-

ment below, and having heard the argument of counsels thereon, and having duly considered the same:

"It is ordered, adjudged and decreed that the judgment of Thomas P. Costello, Esq., recorder of the police court of the city of Passaic, county of Passaic, aforesaid, be reversed, set aside, made void and for nothing holden and that the said defendant-appellant, Louis Gross, be restored in all things wherein he hath lost by reason of the said erroneous judgment, together with costs to be taxed.

"Dated December 29th, 1921.

"JAMES F. MINTURN,
"*Justice of Supreme Court.*

"On motion of
"WEINBERGER & WEINBERGER,
"*Attorneys of Defendant-Appellant.*"

The *certiorari* commands the justice and the Supreme Court clerk to certify and send a certain order dated December 29th, 1921, wherein the justice reversed a certain conviction, &c., to the Supreme Court. Referring to the record, we find that it is the judgment of reversal which is dated December 29th, 1921, and which is certified and sent up for review. The *certiorari* was allowed January 19th, 1922, and on January 21st, 1922, an order was taken amending the opinion filed in the case.

There is no reason assigned that the justice erred in giving a judgment of reversal instead of making an order in conformity with the provisions of the statute of 1908. In fact there was no objection made to the proceedings on that ground. Counsel of prosecutors did call the attention of the justice that in his opinion filed in the case he stated that it was before him on *certiorari*, whereas it was before him as a statutory tribunal, and in that respect the opinion was amended. But we are not concerned with the opinion. We think we are concluded by the record, and as a writ of *certiorari* will not lie to a judgment of the Supreme Court, the writ must be dismissed, as being improvidently allowed.